UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MARIA BARGAS | § | |
| | § | |
| v. | § | Civil Action No. <u>2:15-CV-00420</u> |
| | § | |
| MIKE JOHNSON TRUCKING, LLC | § | |
| AND MICHAEL JOHNSON | § | JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Maria Bargas, Plaintiff and brings this complaint against Mike Johnson Trucking, LLC and Michael Johnson, Defendant, and would respectfully show as follows:

### I. PARTIES

1.1   Plaintiff is an individual residing in Texas.

1.2   Defendant Mike Johnson Trucking, LLC, is a company registered with the Georgia Secretary of State and may be served with process by serving its registered Agent Mr. Michael Johnson at 10206 Waterford Road, Covington, Georgia 30014.

1.3   Defendant Michael Johnson is an individual residing in the state of Georgia and may be served with process at 10206 Waterford Road, Covington, Georgia 30014.

### II. Jurisdiction and Venue

2.1   The court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  Venue is proper in this district

pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

### III. Factual Background

3.1     This case arises out of an automobile accident, which occurred in Odem, San Patricio County, Texas on or about May 19, 2015.  On that date, Plaintiff Maria Bargas was traveling west on East Baylor Street, when Defendant Michael Johnson whom was traveling north on US HWY 77 failed to stop at a red light and struck Plaintiff's vehicle.  At the time of the accident Defendant was operating his 2007 TR Kenworth with a trailer in tow.  As a result of the accident Plaintiff sustained serious injuries.

### IV.  Causes of Action

#### A.  Negligence of Michael Johnson

4.1     Defendant, Michael Johnson had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

4.2     Plaintiff's injuries were proximately caused by Defendant, Michael Johnson negligent, careless and reckless disregard of said duty.

4.3     The negligent, careless and reckless disregard of duty of Defendant, Michael Johnson consisted of, but is not limited to, the following acts and omissions:

> A. In that Defendant, Michael Johnson failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
>
> B. In that Defendant, Michael Johnson, failed to warn the Plaintiff of any impending accident;

      C.      In that Defendant, Michael Johnson, failed to stop at the designated point;

      E.      In that Defendant, Michael Johnson, disregarded an official traffic control device;

      D.      In driving a vehicle in willful or wanton disregard for the safety of persons; and

      C.      In failing to bring his vehicle to a stop to avoid the collision as would have been done by a reasonable and prudent person under the same or similar circumstances.

## V. NEGLIGENCE *PER SE*

5.1    The collision described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent *per se* conduct of Michael Johnson in one or more of the following respects:

      A.      In disregarding an official traffic control device in violation of Texas Transportation Code § 544.007(d);

      B.      In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of Texas Transportation Code § 545.401; and

      C.      In failing to bring his vehicle to a stop to avoid the collision as would have been done by a reasonable and prudent person under; the same or similar circumstances violation of Texas Transportation Code § 544.003.

## VI. CAUSES OF ACTION AGAINST MIKE JOHNSON TRUCKING, LLC. NEGLIGENCE

6.1    Mike Johnson Trucking, LLC, committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

### *Negligent Entrustment*

6.2    Defendant Mike Johnson Trucking, LLC, is also liable for Plaintiff's injuries and damages under the theory of negligent entrustment. Defendant Mike

Johnson Trucking, LLC, was the owner of the vehicle driven by Defendant Michael Johnson, at the time of the accident in question.

6.3     Defendant Mike Johnson Trucking, LLC, entrusted the vehicle to Defendant Michael Johnson, on the date in question.  At the time of the entrustment, Michael Johnson, was an incompetent and/or reckless driver.  Defendant Mike Johnson Trucking, LLC, knew or should have known that Michael Johnson was an incompetent and/or reckless driver.  Michael Johnson was negligent on the occasion in question.  Michael Johnson's negligence proximately caused Plaintiff's injuries and damages.

### *Respondeat Superior*

6.4     Defendant, Michael Johnson, is alleged at all times of the events described in the petition to be an employee, agent, representative and/or servant of Defendant, Mike Johnson Trucking, LLC, is therefore liable for his acts and omissions under the doctrine of *respondeat superior*.  Alternatively, Defendant, Mike Johnson Trucking, LLC, is responsible for the acts or omissions and/or *per se* negligent acts or omissions of Defendant, Michael Johnson, the driver, under 49 C.F.R. 1057 and/or other laws.

6.5     Plaintiffs allege that Defendant, Mike Johnson Trucking, LLC, was negligent and that such negligence was a proximate cause of the accident.  Such negligence includes, but is not limited to, failure to properly train its drivers, failure to establish an adequate safety program, and failure to properly maintain and inspect its equipment.

### VII.  DAMAGES CLAIMS

7.1     Plaintiff incorporate by reference the allegations set forth above.  Plaintiff suffered personal injuries all of which are a result of the automobile collision made the basis of this lawsuit.

7.2     Plaintiff sustained severe and permanent physical, mental, and emotional injuries as well as economic losses. As such, Plaintiff seeks the following damages:

- A. <u>Medical Expenses</u>:  Plaintiff has suffered severe and permanent bodily injuries.  Plaintiff has incurred significant medical expenses in connection with said injuries and in all reasonable medical probability will incur significant future medical expenses for the remainder of her life.

- B. <u>Physical Pain</u>:  Plaintiff has endured significant physical pain in the past and will endure pain in the future.

- C. <u>Mental Anguish</u>:  Plaintiff has endured tremendous mental anguish in the past and will endure mental anguish in the future.

- D. <u>Impairment</u>:  Plaintiff has suffered traumatic physical and mental impairment in the past and will continue to suffer the effects into the future and likely for the remainder of her life.

- E. <u>Disfigurement</u>:  Plaintiff has suffered disfigurement in the past and will suffer from disfigurement in the future.

- F. <u>Lost Wages</u>:  Plaintiff has suffered lost wages in the past and will suffer from lost wages in the future.

## VIII. JURISDICTIONAL AMOUNT

8.1     By reason of the facts alleged herein, the Plaintiff has been made to suffer and sustain injuries and damages at the hands of this Defendants in excess of the minimum jurisdictional limits of this court and in an amount to" be determined by the jury in this case and as the evidence may show proper at the time of the trial.

## IX.  ATTORNEY FEES & COSTS

9.1    Plaintiff is entitled to an award of attorney fees and costs under FRCP 54(d)(2)(B)(i).

## X. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1    Plaintiff seeks pre-judgment and post-judgment interest as allowed bylaw.

## XI. D̲emand for J̲ury T̲rial

11.1    Plaintiff respectfully designates the United States Courthouse, 1133 N. Shoreline Blvd., Corpus Christi, Texas 78401 as the place for trial to commence in this case.  Furthermore, Plaintiff hereby make application for a jury trial and request that this cause be set on the Court's Jury Docket.

## XII.   C̲onditions P̲recedent

12.1    All conditions precedent to Plaintiff's right to recover herein and to Defendant's liability have been performed or have occurred.

## P̲rayer

WHEREFORE, Plaintiff prays that this case be set for trial before a jury, that she may recover a judgment of and from the Defendants, for the actual damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of court, and such other and further relief to which she may show herself to be justly entitled.

Respectfully Submitted,

By: /s/ Gregory L. Gowan
Gregory L. Gowan
State Bar No. 00795384
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
ggowan@gelawfirm.com
(361) 651-1000
(361) 651-1001 Facsimile

ATTORNEY IN CHARGE FOR
PLAINTIFF MARIA BARGAS

OF COUNSEL
GOWAN ELIZONDO LLP